UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| HERIBERTO PLAZA, JR., | Case No. 2:19-CV-1954 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| GEICO DIRECT, et al., | |
| Defendant(s). | |

Presently before the court is defendant Geico General Insurance Company's ("defendant") motion to dismiss or, in the alternative, sever/bifurcate and stay plaintiff's claims for bad faith. (ECF Nos. 4; 5). Plaintiff Heriberto Plaza, Jr. ("plaintiff") filed a response and countermotion for additional time pursuant to Federal Rule of Civil Procedure 56(d) (ECF Nos. 6; 8), to which defendant replied (ECF No. 9).

**I. Background**

The instant action arises from a dispute regarding plaintiff's claim for underinsured motorists ("UIM") benefits. (ECF No. 1-1). Plaintiff alleges that he was a fault-free passenger when he was rear-ended by Jeremy Maurello, an underinsured motorist. *Id.* Maurello "tendered the global policy limits of $10,000," and plaintiff filed a UIM claim with defendant. *Id.* at 4. Plaintiff included "a comprehensive medical summary" of his injuries, which included roughly $38,822.40 in medical bills. *Id.* Defendant offered plaintiff $8,400, which plaintiff believes was unreasonable and "doesn't begin to compensate [p]laintiff for his medical specials." *Id.* at 4–5.

Plaintiff filed the instant action in state court, alleging breach of contract, violations of Nevada's Unfair Claims Practices Act (Nev. Rev. Stat. 686A.310), and bad faith. (ECF No. 1-1). Defendant timely removed the case. (ECF No. 1). Defendant now moves to dismiss

**James C. Mahan**
**U.S. District Judge**

1 plaintiff's extra-contractual claims for failure to state a claim or, in the alternative, moves to stay those claims. (ECF No. 4).

## II. Legal Standard[1]

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678-79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.*

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not shown—that the pleader is entitled to

---

[1] Plaintiff repeatedly cites to the Nevada Rules of Civil Procedure. (ECF No. 6 at 2–3). Because this court has diversity jurisdiction over the instant action, the Federal Rules of Civil Procedure apply. *See Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938).

relief." *Id.* at 679. When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court held,

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III. Discussion

#### A. Bad faith claim

In order to prevail on a bad-faith claim, plaintiffs must show "the absence of a reasonable basis for denying benefits and the defendant's knowledge or reckless disregard of the lack of a reasonable basis for denying the claim." *Falline v. GNLV Corp.*, 823 P.2d 888, 891 (Nev. 1991) (quotation marks, ellipses, and citation omitted).

Because bad faith requires the defendant to be objectively and subjectively unreasonable, the genuine dispute doctrine provides that "the insurer is not liable for bad faith for being incorrect about policy coverage as long as the insurer had a reasonable basis to take the position that it did." *Pioneer Chlor Alkali Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pennsylvania*, 863 F. Supp. 1237, 1242 (D. Nev. 1994) (citing *Am. Excess Ins. Co. v. MGM Grand Hotels, Inc.*, 729 P.2d 1352, 1355 (Nev. 1986)). The Ninth Circuit has unambiguously held that, "because the key to a bad faith claim is whether denial of a claim was reasonable, a bad faith claim should be dismissed **on summary judgment** if the defendant demonstrates that there was 'a genuine dispute as to coverage.'" *Feldman v. Allstate Ins. Co.*, 322 F.3d 660, 669 (9th Cir. 2003) (emphasis added). However, if a defendant's valuation is unreasonable, the dispute as to value is not "genuine," and the genuine dispute doctrine does not apply. *Id.* ("Under *Guebara,* a genuine

- 3 -

dispute does not exist where there is evidence that the insurer failed to conduct a thorough investigation" (citing *Guebara v. Allstate Ins. Co.*, 237 F.3d 987, 994 (9th Cir. 2001)).

But this case does not come before the court on a motion for summary judgment. Defendant moves to dismiss plaintiff's bad faith claim at the onset of litigation. This court's holding in *Tracey v. Am. Family Mut. Ins. Co.* is instructive. No. 2:09-CV-01257-GMN, 2010 WL 3613875 (D. Nev. Sept. 8, 2010). In *Tracey*, plaintiff was involved in a vehicle collision, but defendant disputed plaintiff's valuation of the claim. *Id.* In particular, defendant argued that injuries plaintiff complained about predated the accident. *Id.* This court explained as follows:

> Although there may legitimately be a dispute over whether the injury is unrelated to the loss or treatment was unreasonable, there still exist material facts that may lead a jury to conclude that [d]efendant's assertions are unreasonable because it failed to investigate the claim properly. The [d]efendant is making a factual assertion that the injury was either unrelated to the loss or the treatment was unreasonable. However, if the [d]efendant did not reasonably investigate the claim before making this assertion, then the genuine dispute is not in fact genuine. The genuine dispute rule does not relieve an insurer from its obligation to thoroughly and fairly investigate, process, and evaluate the insured's claim. A *genuine* dispute exists only where the insurer's position is maintained in good faith and on reasonable grounds.

*Id.* at *3 (internal citations and quotation marks omitted).

Plaintiff's bad faith claim consists of rote recitations of the elements of a bad faith claim, which are insufficient to survive a motion to dismiss. The plaintiff's only factual allegations that might support such a claim are that "[p]laintiff's medical bills total approximately $38,822.40" and that "[d]efendant . . . failed to make a reasonable settlement offer and [d]efendant only offered $8,400." (ECF No. 1-1 at 3). But plaintiff does not otherwise plead facts or circumstances that would lead the court to conclude that this is anything but a genuine dispute as to value.

Thus, the court grants defendant's motion as to the bad faith claim. However, the court finds that plaintiff may be able to cure the deficiency in its pleading. Accordingly, the court dismisses plaintiff's bad faith claim without prejudice.

. . .

James C. Mahan
U.S. District Judge

- 4 -

*B. Unfair Claims Practices Act*

Defendant argues that "[p]laintiff alleges that [defendant] has engaged in Unfair Claim Practices without factual allegations supporting the rote litany of the alleged violations." (ECF No. 4 at 8).

The court finds that the allegations supporting this claim amount to a mere recital of the statute, which is not enough to survive a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. For instance, plaintiff alleges that "[d]efendant . . . violated subsections b, c, d, e and n of N.R.S. 686A.310(1)." (ECF No. 1-1 at 4). But plaintiff does not otherwise plead facts that plausibly suggest defendant commit any specific violations of those subsections. *See generally id.* In its response to defendant's motion, plaintiff does not specifically address the factual sufficiency of its complaint as it pertains to this claim. (*See generally* ECF No. 6). Instead, plaintiff reiterates the conclusory allegations in its complaint. *Id.* at 4.

Plaintiff then argues that he "believes and alleges that [d]efendant has failed to take proper account of [p]laintiff's damages, failed to make a proper investigation, and has failed to make a proper offer." *Id.* at 5. Other than the allegations that "[d]efendant . . . failed to make a reasonable settlement offer and [d]efendant only offered $8,400," there are no factual allegations in plaintiff's complaint to support this argument. (*See* ECF No. 1-1 at 3).

Accordingly, the court grants defendant's motion as to plaintiff's Unfair Claims Practices Act claim. However, the court finds that plaintiff may be able to plead facts to cure the deficiency in this claim. Thus, the court dismisses plaintiff's second cause of action without prejudice.

**C. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion to dismiss (ECF Nos. 4) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiff's bad faith and Unfair Claims Practices Act claims be, and the same hereby are, DISMISSED without prejudice.

**James C. Mahan**
**U.S. District Judge**

- 5 -

1    IT IS FURTHER ORDERED that defendant's motion to stay (ECF No. 5) be, and the
2 same hereby is, DENIED as moot.
3    IT IS FURTHER ORDERED that plaintiff's countermotion for additional time (ECF No.
4 8) be, and the same hereby is, DENIED.
5    DATED January 2, 2020.

_____
UNITED STATES DISTRICT JUDGE