# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

HERIBERTO PLAZA, JR.,

    Plaintiff(s),

v.

GEICO DIRECT, et al.,

    Defendant(s).

Case No.: 2:19-cv-01954-JCM-NJK

**ORDER**

(Docket No. 22)

The Court scheduled a telephonic hearing on the parties' pending stipulation to extend discovery, Docket No. 22, for 10:15 a.m. on April 2, 2020. Docket No. 26. However, due to an emergency within the Court, that hearing could not take place.

A request to extend deadlines in the Court's scheduling order must be supported by a showing of "good cause" for the extension. Local Rule 26-4; *see also Johnson,* 975 F.2d at 608–09.[1] The good cause inquiry focuses mostly on the movant's diligence. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294–95 (9th Cir. 2000). Good cause to extend a discovery deadline exists "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609. While prejudice to the opposing party may also be considered, when the movant "fail[s] to show diligence, 'the inquiry should end.'" *Coleman*, 232 F.3d at 1295 (quoting *Johnson*, 975 F.2d at 609). The Court has broad discretion in supervising pretrial litigation. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

The Court finds that the parties have not been diligently conducting discovery. Indeed, the parties effectively admit as much in explaining why virtually no discovery has taken place in this case, stating that "[p]rior to a decision on the Motion to Dismiss [that was pending until January 2, 2020], discovery could not have reasonably proceeded[.]" Docket No. 22 at 3; *see also* Docket

---

[1] The "good cause" standard in Local Rule 26-4 is the same as the standard governing modification of the scheduling order under Fed. R. Civ. P. 16(b).

1

No. 12 (order on the motion to dismiss). The Court should not have to remind the parties that a pending motion to dismiss in itself does not justify failing to diligently conduct discovery. *See Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). The parties also seek to extend three expired deadlines—amend pleadings/add parties, initial experts, and interim status report—yet they fail to address, much less demonstrate, excusable neglect. *See* Local Rule 26-4.

Nonetheless, due to the emergency created by the pandemic, the Court will grant the parties a 90-day extension of all discovery deadlines.

For the reasons stated above, the Court **GRANTS** in part the parties' stipulation. Docket No. 22. The Court **SETS** the following deadlines:

- Amend pleadings/add parties: May 12, 2020
- Initial experts: June 11, 2020
- Interim status report: June 11, 2020
- Rebuttal experts: July 13, 2020
- Discovery cutoff: August 10, 2020
- Dispositive motions: September 9, 2020
- Joint Proposed Pretrial Order: October 9, 2020[2]

IT IS SO ORDERED.

Dated: April 2, 2020

                                                    Nancy J. Koppe
                                                    United States Magistrate Judge

---

[2] If dispositive motions are filed, this date will be suspended until 30 days after the dispositive motions are decided or further Court order.